659 P.2d 315

STATE of New Mexico, ex rel. SOUTH-
WEST COMMUNITY HEALTH SERV-
ICES, d/b/a Presbyterian Hospital Cen-
ter and Southwest Community Health
Services, d/b/a Presbyterian Hospital
Center, Petitioners-Appellees,

v.

Kirby D. MONROE, Chief of the State
Health Planning and Development Bu-
reau, The State Health Planning and
Development Bureau, and Robert Beau-
vais, designated Hearing Officer, Re-
spondents-Appellants,

Osteopathic Hospital Association, Inc.,
d/b/a University Heights Hospital,
Intervenor-Appellant.

No. 14256.

Supreme Court of New Mexico.

Feb. 23, 1983.

Jeff Bingaman, Atty. Gen., Florenceruth
Brown and Jerry Dickinson, Asst. Attys.
Gen., Santa Fe, for respondents-appellants.

Jones, Waldo, Holbrook & McDonough,
James L. Lowrie, Salt Lake City, Utah,
Modrall, Sperling, Roehl, Harris & Sisk, Su-
san Stockstill Julius, Albuquerque, for in-
tervenor-appellant.

Rodey, Dickason, Sloan, Akin & Robb,
Robert D. Taichert, Gene C. Walton and
Diane Fisher, Albuquerque, for petitioners-
appellees.

## OPINION

FEDERICI, Justice.

Southwest Community Health Services,
d/b/a Presbyterian Hospital Center (Pres-
byterian Hospital), filed suit in the District
Court of Santa Fe County seeking issuance
of a writ of prohibition against the process-
ing of an administrative appeal pending
before the New Mexico State Health Plan-
ning and Development Bureau (State) and a
hearing officer appointed by the Governor.
The administrative appeal was taken by
intervenor, Osteopathic Hospital Associa-
tion, Inc., d/b/a University Heights Hospi-
tal (University Heights), from a decision of
the State granting Presbyterian Hospital a
certificate of need for the construction of a
hospital in Albuquerque, New Mexico.

After a bench trial, the district court
granted the writ of prohibition on the
grounds that the State and the hearing
officer did not have jurisdiction to hear the
administrative appeal. University Heights,
the State and its director, and the hearing
officer appeal. We reverse.

In 1974 Congress enacted the National
Health Planning and Resources Develop-
ment Act of 1974, Pub.L. No. 93–641, 88
Stat. 2226 (1975) (codified as amended at 42
U.S.C. §§ 300k–300t (1976 & Supp. IV
1980)), that mandated the adoption of state
health plans and state certificate of need

laws to govern capital expenditures for health care facilities, and providing for the designation of state health planning and development agencies to administer those state programs. In order to supplement the Federal Act, New Mexico enacted a Certificate of Need Act in 1978. 1978 N.M. Laws, ch. 104, § 1, codified at Sections 24–3A–1 through 24–3A–13, N.M.S.A.1978. (Because the 1978 Act and 1981 N.M. Laws were both codified at Section 24–3A–1 through 24–3A–13, citations will be to the appropriate session laws.) The New Mexico State Health Planning and Development Bureau of the Department of Health and Environment was subsequently designated by the Secretary of Health, Education and Welfare of the United States as the state agency to conduct the review required by the Federal Act and the New Mexico Certificate of Need Program. The State adopted regulations in 1978 for carrying out the review process. Regulations, Certificate of Need Act, HED 78–7–1 (HPDD) (1978). In 1979 Congress amended the Federal Act. In 1981 New Mexico re-enacted the Certificate of Need statute with amendments. 1981 N.M. Laws, ch. 300 § 9. The State also adopted new regulations in 1981. Regulations, Certificate of Need Act, HED 81–4 (HPDD) (1981).

The issue before this Court on appeal, which was also before the district court, is whether the 1981 New Mexico Act and Regulations, or the 1978 New Mexico Act and Regulations, control the state agency review proceedings below. We hold that the 1981 Act and Regulations control.

The 1978 Act and the 1978 Regulations provided a framework for the agency's processing of a request for a certificate of need, as well as a framework for reviewing the agency's decision on such a request. Specifically, the 1978 Act and Regulations provided that each request for a certificate of need must be submitted to the State for an initial review to determine whether it was a "completed application." § 24–3A–8(A), N.M.S.A.1978. If it was not complete, the State would request the required information or documentation necessary to complete the application. Not until the State found that it had received all necessary information, and was thus a "completed application," was the application scheduled into the agency review process.

Both the 1978 Act and the 1978 Regulations provided that after the State made its initial decision, any person, for good cause shown, could request that an adjudicatory public hearing be held before the State to reconsider the decision made by the State. 1978 Act, § 24–3A–10; 1978 Regulations, § 218. The 1978 Regulations also provided for administrative appeal of the State's decision by the applicant.

In 1979 Congress amended the Federal Act, Health Planning and Resources Development Amendments of 1979, Pub.L. No. 96–79, 93 Stat. 593 (1979), to require that, following its initial decision, the designated state agency administering a state certificate of need program hold a hearing which is denominated an "appeals mechanism." 42 U.S.C. § 300 m–1(b)(13)(A) (Supp.IV 1980).

The 1979 Federal Act also mandated that the state agency grant further administrative review of the agency's decision at the request of any *"affected person"* either pursuant to the state's Administrative Procedures Act or before an individual hearing officer designated by the governor of the state.

The New Mexico Legislature amended the 1978 Act in 1981 to conform to the Federal 1979 Act. 1981 N.M. Laws, ch. 300, § 9. By its terms, the 1981 Act became effective on July 1, 1981. The Secretary of the Health and Environment Department of the State of New Mexico promulgated regulations under the 1981 Act, which included a transition to the 1981 Regulations not found in the 1981 Act, Regulations Certificate of Need Act. The specific provision is Section 103 of the 1981 Regulations, which states in part:

EFFECTIVE DATE OF REVISED REGULATIONS.—*These regulations shall apply to all applications for Certificates of Need or exemption therefrom received by the Agency after July 1, 1981, . . .*

Presbyterian Hospital's application was hand delivered to and received by the State on June 30, 1981. The next day, July 1, 1981, the amended Certificate of Need Act became effective.

The 1981 Act provides for (1) an administrative appeal, and (2) appeal to the district court from an adverse decision following administrative appeal. § 24–3A–10(A), (B). Intervenor, University Heights, in accordance with this section and as an *"affected person,"* timely requested an appeal of the State's issuance of Presbyterian Hospital's certificate of need by letter dated November 11, 1981.

The trial court found that neither the 1981 Act nor the 1981 Regulations applied in determining whether the State had jurisdiction to permit University Heights to take an administrative appeal. It reached this conclusion by finding that since University Heights was not an *"applicant"* within the meaning of the 1978 Act, it had no rights to an administrative appeal. We disagree. University Heights was an *"affected person"* under the 1981 Act. 1981 Laws, ch. 300, § 7.

Although the application of Presbyterian Hospital was submitted before July 1, 1981, it was deemed received for purposes of substantive review only when *complete.* Presbyterian Hospital's application was not in fact deemed complete until *August 6, 1981.* The applicable statute, Section 24–3A–8(A), which is identical in both the 1978 Act and the 1981 Act, clearly makes the key triggering date the date the *completed application* is received for all the following purposes: (1) transmittal of the completed application to the reviewing health systems agency; (2) giving notice to affected persons; (3) calculation of the sixty days within which the health system's agency must complete review; and (4) calculation of the ninety days for disposition of the application. Section 24–3A–8(A) provides in relevant part:

**Agency review of applications.**

A. Upon the *filing* of an application for a certificate of need, *the agency shall,* within fifteen days, *notify the applicant in writing whether the application is com-* *plete.* If the application is not *complete,* the agency shall allow the applicant a reasonable time in which to complete the application. *Upon the filing of a completed application,* the agency shall give notice to affected persons and shall immediately transmit a copy of the *completed* application to the health systems agency with jurisdiction over the application. (Emphasis added.)

Thus, if an application was filed but never deemed completed, the agency would not have jurisdiction to review it. Therefore, the State has maintained the correct position that the date for determining whether the 1981 Act or the 1978 Act applies is the date when the application is deemed complete. Presbyterian Hospital's application was not *complete* until after July 1, 1981. The 1981 Act and Regulations were applicable.

In view of the result we have reached, it is not necessary for us to reach the other issues raised by the parties.

Intervenor, University Heights, is entitled to an administrative appeal. The writ of prohibition restraining the State, and University Heights from an administrative appeal is set aside. The cause is remanded to the trial court for entry of an order permitting University Heights an administrative appeal, and for such other proceedings as may be consistent with this opinion.

IT IS SO ORDERED.

SOSA and RIORDAN, JJ., concur.